IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Craig, *on behalf of Cheri Lynne Craig*,  )<br>  )<br>              Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Michael J. Astrue, Commissioner of Social  )<br>Security Administration,  )<br>  )<br>              Defendant.  )<br>_____  ) | C/A No. 0:11-1826-JMC-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Jason Craig, on behalf of the deceased claimant, Cheri Lynne Craig ("Craig"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

## ADMINISTRATIVE PROCEEDINGS

In November 2007, Craig applied for DIB, alleging disability beginning October 26, 2007. (Tr. 79.) Craig's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). The claimant died on July 24, 2009, prior to the hearing.[1] The claimant's husband completed a Substitution of Party Form on August 3, 2009. (Tr. 537.) A hearing was held on February 4, 2010, at which the claimant's husband, who was

---

[1] The plaintiff died of hospital acquired pneumonia one day after leaving the hospital against doctor's orders.



represented by Beatrice Whitten, Esquire, appeared and testified. The ALJ issued a decision on June 25, 2010 finding that Craig was not disabled. (Tr. 9-16.)

Craig was forty-two years old at the time of her alleged disability onset date. (Tr . 79.) She had a high-school education and past relevant work experience as a bookkeeping assistant, customer service representative, data entry clerk, office manager, order processor, and payroll clerk. (Tr. 137, 147.) In her application, Craig alleged disability since October 26, 2007 due to severe depression, fibromyalgia, arthritis, severe back pain, gastroesophageal reflux disease, irritable bowel syndrome, and Barrett's esophagus. (Tr. 136.)

The ALJ found as follows:

1. The claimant met the insured status requirements of the Social Security Act through the date of her death.

2. The claimant did not engage in substantial gainful activity after October 26, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant had the following severe impairments: chronic back pain due to degenerative disc disease and a mood disorder (20 CFR 404.1520(c)).

4. The claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 20 CFR 404.1525 and 404.1526).

\* \* \*

5. . . . [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b),[] with no climbing of ladders, ropes, or scaffolds, and occasional climbing of ramps and stairs, stooping, kneeling, crouching, and crawling, and some difficulty involving interacting with others. She was limited to unskilled work due to a moderate limitation in concentration and attention.

\* \* \*

6. The claimant was unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born on [REDACTED], 1965 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

represented by Beatrice Whitten, Esquire, appeared and testified. The ALJ issued a decision on June 25, 2010 finding that Craig was not disabled. (Tr. 9-16.)

Craig was forty-two years old at the time of her alleged disability onset date. (Tr . 79.) She had a high-school education and past relevant work experience as a bookkeeping assistant, customer service representative, data entry clerk, office manager, order processor, and payroll clerk. (Tr. 137, 147.) In her application, Craig alleged disability since October 26, 2007 due to severe depression, fibromyalgia, arthritis, severe back pain, gastroesophageal reflux disease, irritable bowel syndrome, and Barrett's esophagus. (Tr. 136.)

The ALJ found as follows:

1. The claimant met the insured status requirements of the Social Security Act through the date of her death.

2. The claimant did not engage in substantial gainful activity after October 26, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant had the following severe impairments: chronic back pain due to degenerative disc disease and a mood disorder (20 CFR 404.1520(c)).

4. The claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 20 CFR 404.1525 and 404.1526).

* * *

5. . . . [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b),[] with no climbing of ladders, ropes, or scaffolds, and occasional climbing of ramps and stairs, stooping, kneeling, crouching, and crawling, and some difficulty involving interacting with others. She was limited to unskilled work due to a moderate limitation in concentration and attention.

* * *

6. The claimant was unable to perform any past relevant work (20 CFR 404.1565).

* * *

7. The claimant was born on [REDACTED], 1965 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant had at least a high school education and was able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

\* \* \*

11. The claimant was not under a disability, as defined in the Social Security Act, from October 26, 2007, through the date of her death (20 CFR 404.1520(g)).

(Tr. 11-16.) On May 27, 2011, the Appeals Council denied Craig's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and



(5) whether the claimant's impairments prevent him from doing any other kind of work. 20 C.F.R. § 404.1520(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).

PJG

evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

The plaintiff raises the following issues for judicial review:

I. Substantial evidence does not support the ALJ's decision that Plaintiff was not disabled.

II. The ALJ misapplied the law in reaching the conclusion that Plaintiff was not disabled by her pain.

III. The court should reverse the ALJ's decision outright and Order the commissioner to award plaintiff's widower the benefits to which his deceased wife was legally entitled.

(Pl.'s Br., ECF No. 21.)

## DISCUSSION

**A.     Craig's Impairments**

The plaintiff contends that the ALJ failed to address the severity of—or make any findings with regard to—numerous alleged impairments. Specifically, the plaintiff argues that the medical evidence demonstrates that in addition to the degenerative disc disease and mood disorder that the ALJ found to be severe, Craig also suffered from fibromyalgia, cholecystitis, migraine headaches, renal colic, renal stones, ureterolithiasis, anxiety, insomnia, sciatica, herpes zoster, gastro intestinal reflux disease, lupus, syncope, and respiratory distress including pneumonia. (Pl.'s Br., ECF No. 21 at 14-15.) The plaintiff points out that the ALJ's decision does not address any of these alleged

impairments. The plaintiff further argues that as a result of these omissions, there is no indication that the ALJ considered these alleged impairments in determining Craig's residual functional capacity. In responding to this contention, the Commissioner asserts that the ALJ's multiple statements that he considered all of the evidence are sufficient to imply that he found the above-listed impairments to be not severe and argues that Craig failed to meet her burden to show that each of these impairments was severe or, whether specifically mentioned in the ALJ's order or not, resulted in disabling limitations and an inability to engage in work activity at any exertional level. (Def.'s Br. at 6, 10, ECF No. 23 at 6, 10.) The Commissioner further argues that the ALJ's decision is supported by the state agency physicians. Finally, the Commissioner argues that even if the ALJ erred, such error was harmless because the ALJ's decision that Craig was not disabled was more than adequately supported by the record. (Id. at 11.)

A claimant's residual functional capacity ("RFC") "is the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). In assessing RFC, an ALJ should scrutinize "all of the relevant medical and other evidence." See 20 C.F.R. § 404.1545(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's RFC.

The ALJ found that Craig had following severe impairments: "chronic back pain due to degenerative disc disease and a mood disorder." (Tr. 11.) Initially, the court observes that Craig alleged in her disability application the following impairments: severe depression, fibromyalgia, arthritis, severe back pain, gastroesophageal reflux disease, irritable bowel syndrome, and Barrett's esophagus. (Tr. 136.) The ALJ also acknowledged that Craig's husband testified at the hearing that

PJG

Craig suffered from fibromyalgia, muscle and joint pain, digestive problems, and dizziness and blackouts. (Tr. 14.)

A review of the ALJ's RFC analysis, however, shows that the ALJ failed to address evidence in the record that suggests that Craig's alleged impairments may have imposed additional limitations. For example, the ALJ's order fails to consider Craig's alleged dizziness and blackouts with regard to her RFC. Furthermore, although the ALJ addressed Craig's alleged pain with regard to her neck and back (see Tr. 14, 15), he failed to address her complaints of pain due to her gastro-intestinal and kidney problems. Accordingly, while there may be substantial evidence to support the ALJ's decision contained within the record,[3] the court is constrained to recommend remanding this matter, as the court is unable to determine whether the ALJ's decision that Craig is not disabled is supported by substantial evidence. See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."); § 404.1545(e) ("When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment . . . we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."); § 404.1522(b) (stating that "we must also determine whether the combined effect of your impairments can be expected to continue to be severe for 12 months"). A brief boilerplate statement

---

[3] For example, although this evidence was not mentioned or addressed by the ALJ, the court observes that the record is replete with observations from numerous treating sources that Craig was exhibiting drug-seeking behavior, as well as at least one alert from a drug provider regarding Craig's prescriptions for multiple addictive substances. (See, e.g., Tr. 284, 294-95, 338, 395, 656, 762, 788.) Whether this evidence would weigh in favor of rejecting the credibility of Craig's subjective complaints of pain or support them is a matter properly left to the ALJ.

PJG

that the ALJ considered the entire record is insufficient for the court to conclude that this apparent error was harmless.

**B.     Other Issues**

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address the plaintiff's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, the plaintiff may present his arguments on remand that the ALJ failed to address the severity of additional impairments that the plaintiff contends are demonstrated in the medical records and that the medical records contain significant evidence supporting Craig's subjective complaints of pain.[4] Additionally, for the reasons discussed above, the court finds that reversal and remand for an award of benefits is not warranted. See Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000) (noting that when the court finds the Commissioner's denial of benefits to be improper, the court's "abundant deference to the ALJ" cautions in favor of remand, and entering an immediate finding of disability is appropriate only if the record "overwhelmingly supports" such a finding); Timmerman v. Comm'r of Social Security, C/A No. 2:07-3745-HFF-RSC, 2009 WL 500604 (D.S.C. Feb. 26, 2009) (observing that factors in deciding whether to remand for consideration of additional evidence or for an award of benefits include:  that deference cautions in favor of remand, plaintiff's court

---

[4] The plaintiff also argues that the ALJ erred in failing to consider Dr. Dan Vandivier's opinion that Craig's mental impairments met the requirements of Listing 12.04 for affective disorders.  Review of this record reveals that Dr. Vandivier found that Craig exhibited depressive syndrome characterized by sleep disturbance, decreased energy, feelings of guilt or worthlessness, and difficulty concentrating or thinking (see Tr. 410); however, he did not find any marked limitations of the "B" criteria (see Tr. 417) or "C" criteria.  (See 20 CFR Pt. 404, Subpart P, Appendix 1 (outlining the requirements necessary to meet the Listing for Affective Disorders)). Accordingly, the plaintiff's argument is without merit.



submissions include requests that this matter be remanded, and when evidence in the record does not overwhelmingly support a finding of disability); see also Smith v. Astrue, No. 3:10-66-HMH-JRM, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) ("Whether to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court.") (citing Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987)).

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 1, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).nsdal/go;sefhoisrhig